## M. E. HAILE *v.* BREWSTER & Co.

The joint possession of the husband and wife, is the possession of the one holding the title.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*J. B. Smith*, for plaintiff. *Muse & Hardee*, for defendants and appellants.

MERRICK, C. J. The defendants obtained judgment against *P. J. Harbour*, the husband of the plaintiff, on the 12th of August, 1853, and caused the same to be recorded in the Recorder's office on the 23d of the same month. On the 14th day of December afterwards, *P. J. Harbour* acquired from *John Rist, Jr.*, the tract of land under seizure, for $2,500, $500 cash and the ballance on time to the 1st day day of March, 1854. On the 17th day of March, 1854, the note of two thousand dollars being due and unpaid, it was agreed that the plaintiff's father and her brother-in-law would advance the amount due *Rist*, and perhaps some other small claims, on condition that the title should be made to them in order to secure it to the wife. *Harbour's* wife then conveys the land to *E. D. Harbour*, the brother-in-law of the plaintiff. He paid $1,000 of the amount due *Rist* and plaintiff's father paid the other $1,000. The price specified in the act of sale to *E. D. Harbour* was $2,500, and it is probable some other small debts of *P. J. Harbour* were paid. The same day *E. D. Harbour* made a donation of the property to the plaintiff, it being stated that it was done in consideration of the esteem he entertained for the plaintiff and her child. These acts were duly recorded. *P. J. Harbour* went into the possession of the property when he bought it from *Rist*, and there was no visible change of possession after the wife acquired the same by donation.

The defendants caused the property to be seized as the property of *P. J. Harbour*, on execution, in 1855, and the plaintiff has enjoined the sale. She had judgment in the lower court.

The defendants contend that the judgment is erroneous, and that "a party holding a judgment may issue his execution and have the property of defendant seized and sold, disregarding any transfer he may make of the same, where the defendant still remains in possession notwithstanding the transfer."

This proposition of defendants' counsel is true, where the sale is purely simulated and fictitious, and where the party remains in possession the burden of proof is upon the party claiming title to show that the sale is *bona fide* or real. C. C. 1915, 2456. But whenever the sale is shown to be real and intended to convey the property absolutely and for a price which is really paid, the creditor is driven to his revocatory action; he fails in his seizure. 1 An. 299; 10 An. 691.

In this case we see nothing, so far as the evidence goes, fraudulent in the conduct of the parties. The father and brother-in-law of the plaintiff had the right to secure a home for her.

She acquired all the possession of the thing donated to her of which it was susceptible. The law does not contemplate any other possession of a wife not

separate in bed and board from her husband of the common dwelling, than is here shown. The joint possession is the possession of the one holding title. *Wederstrandt* v. *Marsh*, 11 Rob. 538.

If the defendants have a mortgage upon the property superior to the title of the plaintiff, it must be asserted in another form of action, which cannot be prejudiced by this decree.

Judgment affirmed.